[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint, dated May 5, 1998, the plaintiff is seeking to enjoin the defendant, his agents, servants and employees " . . . from taking any action, direct or indirect, to interfere with, injure, destroy, disturb, or remove any markers placed on a certain right of way owned by the plaintiff in favor of 78A Waterside Lane, Clinton, Connecticut, or taking any other actions to cause an interference with the survey being conducted regarding said right of way, at the direction of the plaintiff, by a licensed land surveyor, until further order of the court."
By Answer and Special Defense, the defendant is seeking to enjoin the plaintiff " . . . from entering upon the land of the defendant for any purpose without the permission of the defendant."
The plaintiff, Rudolf W. Rue, by deed dated, August 7, 1973, conveyed to the defendant a certain piece and parcel of land together with the buildings thereon as described in said deed and as shown and designated as lot 2 on a m entitled "Map of properties owned by Rudolf W. Reu and Sophie H. Reu, Waterside Lane, Clinton, Connecticut, July 21, 1972 Revised: July 24, 1973, Scale 1" = 20' surveyed by J.H.F. Clark, Civil Engineer, Madison, Connecticut."
The deed contained the following reserved easement for a right of way:
"The grantor hereby reserves to himself, his heirs and assigns forever, as an appurtenance only to that other land of the grantor adjoining the land herein described and hereby conveyed, designated lot number 3, as shown on said map, the right of way as shown on said map, including the right to park vehicles on a portion of said right of way; more particularly, the right to pass and repass on foot or with CT Page 6186 vehicles, excluding motorcycles, over the portion of the right of way which is shown as 15 feet in width on said map and the right to park vehicles on that portion of the right of way shown at 25 feet in width on said map.
The grantor, for himself, his heirs and assigns, forever, agrees that the paved portion of the said 15 foot right of way shall not exceed 10 feet in width, and that the center line of said 15 foot right of way shall be the same location as the center line of said 10 foot wide paved portion, except at corners and alongside an existing dogwood tree, other than that portion of the right of way shown on said map as 25 feet in width which portion may be paved in its entirety."
After a full trial, the court by a preponderance of the credible, relevant and legally admissible evidence and the reasonably, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff is the owner of the dominant estate and is entitled to the full, legal use of the right of way over the servient estate now owned by the defendant.
There have risen over the years serious disputes and a falling out between the parties over use of the right of way.
Questions raised by the defendant have resulted in retaliation action by the plaintiff, to wit the focusing of bright light towards the defendant dwelling, which resulted in police action.
However, the court finds that the reservation of right of way is clear, unambiguous and unequivocal and is subject to the laws applicable to the rights and duties of owners of right of way and the owners of servient estates.
The owner of the right of way has the right to unhindered access over the right of way, free and clear of any interference by the servient owner and may remove any obstruction to such use.
The plaintiff is entitled to have his right of way surveyed for the purposes of ascertaining its boundaries, free and clear from any interference from the defendant. Gen. Stat. Sec. 52-557o.
The defendant is the owner of the fee over which the plaintiff has the right of way. The defendant has all the indicia of ownership subject of the plaintiffs right to pass, repass and park, as expressly stated in the reservation of the right of way. Kelly v. Ivler, 187 Conn. 31, 48
CT Page 6187 (1982).
The owner of the easement has all the rights incident or necessary to its proper enjoyment, nothing more. Kuras v. Kope, 205 Conn. 332, 341
(1987); Peterson v. Oxford, 189 Conn. 740, 745 (1983).
The plaintiff, here, although he has the right to survey the parameters of his easement does not have the right to permanently install survey markers along the right of way where such flagged stakes are intrusive and diminish the aesthetic quality of the premises. The limited use of the right of way, i.e., to pass and repass and to park does not include a right to permanent maintenance of survey stakes.
The easement in this case is well established, is of long usage and easily ascertainable from the town records including deeds and maps.
The right of the owner of an easement and the right of the owner of land are not absolute, but are so limited, each by the other, that there may be reasonable enjoyment of both. Id. Both parties owe certain duties to each other. The owner of the dominant estate has the right to free access and use of his easement without interference from the owner of the servient estate.
The owner of the servient estate has the right to limit the owner the right of way to the use stated in the reservation and to limit such use to within the described bounds of the easement.
The duty to maintain the easement is upon the owner of the right of way. In exercising this duty and right, he may not interfere with the ownership rights of the land owner.
The right of way owner may remove brush or limbs that interfere with his use but he may not trespass on the owner's land and cut or cause damage to flora that does not interfere with his reasonable use of the right of way.
The plaintiff in his complaint and the defendant in his counterclaim are seeking permanent injunctions. The plaintiff wishes the court to enjoin the defendant from removing surveying stakes and otherwise interfering with the plaintiffs survey of the right of way.
The defendant seeks to enjoin the plaintiff or his agents from entering his land without permission.
The court finds that both parties have interfered with the rights of each other. CT Page 6188
The defendant improperly removed the surveyor's stakes when he did not allow a reasonable period to elapse within which the survey could be completed.
The plaintiff improperly intruded onto the defendants land and cut down or damaged flora not incident to his lawful use of the right of way.
Judgment may enter on the plaintiffs complaint enjoining the defendant from interfering with the plaintiff attempts to survey his right of way. The defendant shall not remove the survey stakes unless the plaintiff does not do so within a reasonable time which the court holds to be 48 hours after the survey is completed or one week after the survey is commenced.
Judgment may enter on the defendant's counterclaim enjoining the plaintiff from entering upon the land of the defendant, without his permission, except for an entry under Gen. Stat. Sec. 52-557o.
No cost or damages are awarded to either party.
________________________ DANIEL F. SPALLONE JUDGE TRIAL REFEREE